UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES, | : | |
| v. | : | Cr. No. 94-056-ML |
| ROBERT M. JOOST. | : | |

MOTION TO CORRECT THE
JUDGMENT & COMMITMENT ORDER

COMES NOW Robert Joost and respectfully moves the Court, pursuant to Rule 36, Federal Rules Criminal Procedure, to correct the Judgment and Commitment Order in the above-numbered case to reflect the sentence pronounced on September 8, 1995 and to change so much of the current J&C that mistakenly states that a 240-month term of imprisonment was handed down on September 8, 1995. In support of this motion the Defendant Joost encloses a memorandum of law.

Dated this 17 day of July, 2008.

RESPECTFULLY SUBMITTED

R. Joost

ROBERT JOOST (pro se)
Reg. No. 39435-133
Federal Medical Center
P.O. Box 879
Ayer, MA 01432

CERTIFICATE OF SERVICE

Robert Joost hereby certifies that on the above date he has mailed a copy of the above motion and its supporting attached memorandum to U.S. Attorney's Office, 50 Kennedy Plaza, Providence, RI 02903.

R. Joost
Robert Joost

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Cr. No. 94-056-ML |
| ROBERT M. JOOST | : | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO CORRECT THE JUDGMENT & COMMITMENT ORDER

FACTUAL BACKGROUND

The Defendant Robert Joost was convicted after two separate trials in Indictment Nos. 94-055 and 94-056. A joint sentencing occurred on September 8, 1995. See Sentencing Transcript of 9-8-95

At the 9-8-95 sentencing hearing the Court pronounced a sentence thus: "A term of imprisonment of 30 years." Id. 147. The Court also imposed two concurrent terms of supervised release in 055 and 056, along with $100 in special assessments (reflecting $50 for each indictment number). Id.

Because the Court had imposed only one term of imprisonment, Government counsel questioned whether the Court meant to also hand down a term of imprisonment in 056. Id. 149. Counsel did so under the correct assumption "that the 30-year term of imprisonment was imposed on 055" since a 30-year term couldn't be imposed in 056 because the statutory maximum sentence in that case could only be 20 years. Id. After conference, the Court noted that "the term of imprisonment in this case is imposed on 055"

and "term in 056" was concurrent. Id. 150. Thus the Court handed down a term of imprisonment only on 055, and only handed down a term of supervised release on 056 to run concurrent with the supervised release in 055. Government counsel was satisfied with the Court's pronouncement, id., and did not appeal either sentence.

Thirteen days later, on September 21, 1995, the Court signed a J&C in both cases. However, the J&C in the instand case--056--has an "Imprisonment" page that reflects that the Court handed down a 240-month term of imprisonment. As noted above, however, the Court did not pronounce a term of imprisonment of 240 months on 056.

REASONS FOR GRANTING THE MOTION

Since 1936 it has been established that the only sentence known to the law is the one pronounced in open court in a defendant's presence. Hill v. United States ex rel. Wampler, 298 U.S. 460. Consequently, a J&C which departs in substance from the pronounced sentence is "null and void". Id. 465. The portion of the instant J&C which states a 240-month term of imprisonment was handed down from the bench on 9-8-95 is null and void and was mistakenly or inadevertently included in the remaining valid J&C of 056.

Whenever there's a conflict between the oral and written judgment, the former controls, and the written judgment is properly corrected via Rule 36, F.R.Cr.P. United States v. Corey, 999 F.2d 493, 496-497 (10th Cir.), cert. denied, 510 U.S. 1001 (1993).

"Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court." United States v. Werber, 51 F.3d 342, 347 (2nd Cir. 1995). District judges should correct J&Cs at any time under Rule 36 "to ensure that the judgment is in accord with the oral sentence." United States v. Portilla, 363 F.3d 1161, 1164 (11th Cir), cert. denied, 543 U.S. 975 (2004). See also, United States v. Ramirez, 344 F.3d 247, 254-255 (2nd Cir. 2003) (upon Government's Rule 36 motion J&C should be corrected to comport with oral pronouncement of sentence.

Obviously, the Court did not hand down a 240-month sentence in 056 on September 8, 1995 in the Defendant's presence. The J&C in 056 reflects such, however. The J&C is wrong in that respect. It should be corrected so that it reflects that there wasn't any term of imprisonment handed down in 056. The Court has the authority to make the correction at any time pursuant to Rule 36.

WHEREFORE, the Motion should be GRANTED.

RESPECTFULLY SUBMITTED

R. Joost

ROBERT M. JOOST
Reg. No. 39435-133
Federal Medical Center
P.O. Box 879
Ayer, MA 01432