UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. 94-056ML |
| | ) | |
| ROBERT JOOST | ) | |

**GOVERNMENT 'S RESPONSE TO DEFENDANT'S MOTION**
**<u>TO CORRECT THE JUDGMENT AND COMMITMENT ORDER</u>**

I. <u>INTRODUCTION</u>

Defendant Robert Joost (Defendant or Joost) was indicted in 1994 along with John Grelle for a Hobbs Act conspiracy in violation of 18 U.S.C. § 1951. Defendant was convicted on April 22, 1995 following a twelve day jury trial.[1] He was sentenced on September 8, 1995 to 20 years imprisonment.[2] Defendant appealed his conviction. The First Circuit Court of Appeals affirmed the conviction in an unpublished opinion. C.A. No. 95-2031. A petition for certiorari was denied in 1996. Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on August 20, 1997 (CA 97-473). The motion was denied by this Court on December 14, 1998. An appeal was filed with the First Circuit Court of Appeals. That Court directed Defendant to

---

[1] The jury was unable to reach a verdict on Grelle. He later pleaded guilty to the charge and was sentenced to 46 months.

[2] On the same date, Defendant was sentenced to 30 years imprisonment as an armed career criminal on the charge of possessing a firearm as a previously convicted felon. Cr. No. 94-055. The First Circuit later reversed that conviction. The case was retried before District Judge Torres. Following a conviction, Judge Torres sentenced Defendant to 198 months imprisonment, 72 months to run consecutive to the sentence in Cr. No. 94-056 and 126 months to run concurrent to that sentence.

file a certificate of appealability in the District Court. Defendant did so on March 25, 1999. This Court denied the certificate of appealability on October 20, 1999. The First Circuit denied Defendant's appeal on December 28, 1999. C.A. No. 99-1138.

On September 21, 2005, Defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241in the United States District Court for the Southern District of New York against the Warden of the Otisville Correctional Institution in Otisville, New York. In sum, Defendant alleged that the Judgment and Commitment (J&C) for Cr. No. 94-056 conflicted with the oral pronouncement of his sentence and was thus void. The District Court rejected Defendant’s argument that his petition was a challenge to the execution of his sentence, not to the sentence itself. The Court found that a petition brought pursuant to 28 U.S.C. § 2255 was Defendant’s only available remedy. The District Court dismissed the petition finding that it lacked jurisdiction. Joost v. Apker, 476 F.Supp.2d 284 (S.D.N.Y. 2007).

Defendant now files the instant motion pursuant to Fed. R. Crim. P. 36 raising the identical claim. His argument is that the J&C conflicts with the oral pronouncement of sentence because this Court imposed no term of imprisonment upon the Hobbs Act conviction. He demands that the J&C be amended to reflect no term of imprisonment.

## II. ARGUMENTS

For those reasons which follow, Defendant’s motion should be denied.

As noted above, the Defendant was sentenced on the same date in both Cr. Nos. 94-055 and 94-056. He represented himself in 94-056 and was represented by Thomas Briody, Esq. in 94-055. T. 9/8/95, pp. 2-8. Any reasonable, common sense reading of the sentencing transcript clearly shows that this Court imposed a sentence of 30 years imprisonment on Cr. No. 94-055

and 20 years imprisonment on Cr. No. 94-056, both terms of imprisonment to run concurrently. T. 9/8/95, pp. 146-150. Contrary to the Defendant's argument, this Court did not impose a term of imprisonment only in 94-055. The Judgments accurately reflect the sentences imposed by the Court. In Joost v. Apker, United States District Judge Koeltl said it best: "No reasonable interpretation of Judge Lisi's oral pronouncement of sentence would permit the argument that Judge Lisi imposed no term of imprisonment on the Hobbs Act conviction and was only imposing a term of supervised release for that conviction." Id. at p. 291 n.2.

Further, the motion filed by the Defendant should be considered a motion filed under 28 U.S.C. § 2255. Regardless of the label the Defendant places on this latest filing, it is the functional equivalent of a motion filed under the authority of 28 U.S.C. § 2255. Joost is a sentenced federal prisoner. His motion is nothing more than a new attack upon the integrity of his underlying conviction. It is a direct challenge to the constitutionality and/or validity of that conviction. It is a claim that should have been raised on appeal or in his first § 2255 motion, both of which he elected to handle himself. This is nothing more than an attempt to circumvent the gate-keeping requirements for second or successive § 2255 motions.

As the Defendant has already filed one § 2255 motion, this filing is deemed a second or successive motion. Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> A. a newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> B. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Local Rule 22.2 of the First Circuit Court of Appeals mandates that a second or successive § 2255 motion filed in the District Court without authorization of the Court of Appeals be transferred to the Court of Appeals or be dismissed by the District Court. See, United States v, Barrett, 178 F.3d 34, 41 and n.1 (1st Cir. 1999). The decision whether to transfer or dismiss appears to be discretionary. Because the Defendant has not met the requirements for successive habeas petitions under § 2255 and his claim is totally devoid of merit, this Court, in the exercise of its discretion, should dismiss the motion.

Further, if the Defendant has not waived this issue, he has certainly forfeited it. United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777 (1993) (waiver is the intentional relinquishment or abandonment of a known right; forfeiture is the failure to make a timely assertion of a right); United States v. Mangone, 105 F.3d 29, 35 (1st Cir. 1997). At Defendant's own request, and after extensive inquiry by this Court and an admonition from the First Circuit Court of Appeals, Defendant represented himself until the close of the government's case, at which point he asked standby counsel to represent him. At sentencing, he elected to resume his self-representation. On appeal of his conviction and sentence, he again represented himself. In fact, Defendant has a documented history of self-representation before both District Courts and Courts of Appeals. Clearly, the Defendant could have raised this issue on appeal or in his first § 2255 motion if he so desired. The only reasonable conclusion to draw is that the Defendant consciously elected not to raise this issue previously because of its clearly frivolous nature.[3] This

[3] The frivolity of the motion is underscored by two facts: 1) even in his brief to the First Circuit Court of Appeals, dated October 16, 1995, the Defendant acknowledged that the Court had sentenced him to the statutory maximum sentence of 20 years on the Hobbs Act violation

current motion is a desperate last gasp.

Finally, even if this Court declines to treat the Defendant's motion as a second or successive § 2255 motion, Fed. R. Crim. P. 36 cannot be used to remedy Defendant's specious alleged defect. Rule 36 reads as follows:

> **Clerical Error** - After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or or other part of the record, or correct an error in the record arising from oversight or omission.

Various courts have made it abundantly clear that Rule 36 is not designed to provide the requested relief. In United States v. Bennett, 423 F.3d 271, 277-78 (3rd Cir. 2005), the Court stated:

> "A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment . . . Rule 36 provides no basis to correct substantive errors in the sentence, which are dealt with by other provisions:
>
>> Substantive corrections to the sentence are made pursuant to Rule 35 and to 18 U.S.C. § 3742 [providing for appellate review].... Rule 36 does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or to otherwise substantively modify sentences. 26 Moore et al., *supra*, ¶ 636.03[1][a] (footnotes admitted)."

See also, United States v. Powell, 2008 WL 480891 (4th Cir., decided February 21, 2008) (errors subject to correction under Rule 36 are not judicial or substantive errors, but purely clerical errors); United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996) (Rule 36 gives the court authority to correct clerical-type errors; it does not give the court authority to substantively

---

and 30 years on the firearms violation, Defendant's brief, p. 1; 2) the Defendant did not overlook appeal possibilities regarding his sentence as he did raise sentencing issues in his brief, Defendant's brief, pp. 51-57.

modify a defendant's sentence); United States v. Werber, 51 F.3d 342, 345 (2nd Cir. 1995) (Rule 36 covers only minor, uncontroversial errors); Foster v. United States, 290 F.Supp.2d 5, 8 (D.D.C. 2003) ("Courts have consistently rejected expansive uses of Rule 36 such as those that would substantially change the internal structure of a sentence or judgment.").

Based upon the foregoing, the Defendant's argument should be denied, and his motion dismissed.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 8th day of August, 2008, I electronically filed and served, by ordinary mail with postage prepaid, the Within Government's Response To Defendant's Motion To Correct The Judgment And Commitment Order, to:

Robert Joost
Reg. No. 39435-133
Federal Medical Center
P.O. Box 879
Ayer, MA 01432

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov