UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES, :

v. : Cr. No. 94-056-ML

ROBERT M. JOOST. :

DEFENDANT'S REPLY TO THE
GOVERNMENT'S RESPONSE TO THE MOTION
TO CORRECT THE J&C ORDER

The Government has objected to the Defendant's Motion to Correct the Judgment and Commitment Order, and asked that the Motion be dismissed on four grounds: (1) there actually was a 20-year term of imprisonment imposed in the above-numbered case; (2) the instant motion should be litigated via 28 USC § 2255; (3) the issue has been forfeited, and; (4) Rule 36 is not the proper remedy to correct the instant J&C. The Defendant has fully stated his argument in the Motion and will only briefly reply to the Government's objections.

1. In their Response at pages 2-3, the Government avers that the sentencing transcript "clearly shows" that the Court "imposed * * * 20 years imprisonment" in this case, 94-056. However, said sentencing transcript clearly shows that the Court did not impose any imprisonment in 94-056, but only 3 years of potential imprisonment via supervised release. Neither the Government nor Judge Koeltl's dicta, confined to a footnote, point to the pronouncement of any 20-year term of imprisonment on September 8, 1995. That's when the sentence in 94-056 was handed down, in the Defendant's presence, and it did not authorize imprisonment.

2. The Motion should not be, and is not, a motion under § 2255. The Defendant is not challenging his conviction or sentence. He merely wants the J&C to reflect the sentence pronounced in open court in his presence. The present issue revolves around the erroneous page of the J&C that suggests a 20-year term of imprisonment was handed down in this case. This Motion is made to eliminate that erroneous page, not the actual sentence of no imprisonment handed down from the bench in the presence of the Defendant.

3. A Defendant cannot forfeit an issue relating to a mistake in the J&C because Congress and Supreme Court, via enactment of Rule 36, have authorized a defendant to raise and have corrected such mistakes "at any time". Moreover, the Clerk of the R.I. District Court sent the J&C to the Defendant at the Wyatt Detention Facility before the Defendant was sent a copy of the Sentencing Transcript several weeks later at the Federal Penitentiary at Allenwood. When the Defendant first saw the instant J&C he assumed he had missed hearing the Court hand down a concurrent 20-year term (since he is hard of hearing). He finished his appellate brief before he was suddenly transferred to the Federal Penitentiary approximately three weeks after sentencing, without any of his legal documents, and during the transfer his wife picked up his legal paperwork at Wyatt and filed his appellate briefs in person at the Court of Appeals. Long after his briefs were filed and the issues joined he then received the 9-8-95 transcripts of the sentencing. Thus he had no occasion to read the actual sentencing transcript to take up the instant issue on direct appeal because he didn't

have a copy of the relevant sentencing transcript before he submitted his briefs. In any event, when someone raises an issue pertaining to an error in the J&C is not a defense to a motion pursuant to Rule 36 because such motions can be brought "at any time".

4. The cases cited by the Government are not apropos because the Defendant is not attempting to make "[s]ubstantive corrections to [his] sentence". Government Response at p.5. He is attempting to have taken out of his J&C a sentence that was not handed down from the bench in his presence. This is a case where the J&C needs to be corrected to conform with the actual sentence and thus the Defendant's cited jurisdictional cases in the main Motion are more apropos.

WHEREFORE the Motion should be granted.

Dated this 13th day of August, 2008.

RESPECTFULLY SUBMITTED

R. Joost

ROBERT JOOST (pro se)
Reg. No. 39435-133
Federal Medical Center
P.O. Box 879
Ayer, MA 01432

CERTIFICATION

Robert Joost hereby certifies that on the above date he has mailed via first-class postage a copy of the above Reply to Kenneth P. Madden, AUSA, U.S. Attorney's Office, 50 Kennedy Plaza, Providence, RI 02903.

R. Joost

Robert Joost