UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT M. JOOST :
:
v. : CA No. 94-056-ML
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge

Robert M. Joost has filed a "Motion to Correct the Judgment & Commitment Order" in the above matter. For the reasons stated below, that motion is denied.

## FACTS AND BACKGROUND

In 1994, Joost was charged in this Court in two separate indictments: first, for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), see Criminal Case No. 94-55-ML ("CR 94-55");[1] and second, for conspiring to obstruct, delay, and affect commerce by robbery of an armored truck, in violation of the Hobbs Act, 18 U.S.C. § 1951, see Criminal Case No. 94-56-ML ("CR 94-56"). Joost was tried on the two indictments in separate jury trials before this Court, and in each case the jury returned a guilty verdict.[2]

In September, 1995, this Court conducted a consolidated sentencing hearing on the convictions in both cases. (See Transcript of Sentencing Hearing conducted on Sept. 8, 1995 ["Sent. Tr."] at 2.)[3] The Hobbs Act provided for a statutory maximum of 20 years imprisonment for that

---

[1] A co-defendant John Grelle was also charged in this case. The jury was unable to reach a verdict on Grelle, and he later pleaded guilty to the charge and was sentenced to 46 months.

[2] The facts underlying each of these convictions are set out in detail in the Court of Appeals decisions reviewing each of the convictions. See United States v. Joost, 94 F.3d 640 (1st Cir. 1996) (Table); United States v. Joost, 92 F.3d 7 (1st Cir.1996).

[3] At this hearing this Court also heard and denied Joost's motion for a new trial on his Hobbs Act conviction, and his motions for a judgment of acquittal and for a new trial in connection with his firearm conviction. (Sent. Tr. at 8, 27, 34-35). None of those motions are involved in the present matter.

offense. See 18 U.S.C. § 1951(a). This Court, after noting that the applicable Sentencing Guidelines provided for a term of 30 years to life for the firearm offense, imposed a term of imprisonment of 30 years. (Sent. Tr. at 146-47.) The Court also imposed the maximum term of five years of supervised release, to run concurrent with the term of supervised release on the Hobbs Act offense. (Id. at 120, 145-47.) This Court did not impose any fine, but ordered Joost to pay a $100 special assessment. (Id.)

Counsel for the Government then asked for a clarification as to whether the 30-year prison term imposed on the firearm offense was to run concurrently with the 20-year maximum term on the Hobbs Act offense. (Id. at 149.) After pausing to review the Guidelines approach to sentencing for multiple offenses and to confer with a member of the Probation Department, this Court then stated:

> Just for clarification – and I appreciate Mr. Madden [counsel for the government] raising this and thank Mr. Jenkins from the Probation Department for his assistance -- the -- because the statutory maximums on 056 [the Hobbs Act offense] and 055 [the firearm offense] are different, 056 [the Hobbs Act offense] carrying a maximum statutory term of imprisonment of 20 years, 055 [the firearm offense] carrying a 15 years to life statutory maximum, and also reviewing the guideline 5G1.2 dealing with sentencing on multiple counts of conviction, the term of imprisonment in this case is imposed on 055 [the firearm offense] with the term in 056 [the Hobbs Act offense] to run concurrent. And that should satisfy any questions as to how those sentences should be imposed.

( Id. at 249-150.)

On September 21, 1995, this Court entered a written Judgment and Commitment ("J&C") in each of the two cases. The J&C for the firearm conviction imposed a term of 360 months imprisonment, to run concurrently with the Hobbs Act sentence, and a term of five years of supervised release, also to run concurrently with the term of supervised release imposed in the Hobbs Act count. (See CR 94-55, Doc. #166.) The J&C for the Hobbs Act conviction imposed a term of 240 months imprisonment followed by three years of supervised release, both to run concurrently with the firearm sentence. (See CR 94-56, Doc. #209.)

Joost appealed both convictions to the Court of Appeals for the First Circuit. In separate rulings, that court affirmed Joost's Hobbs Act conviction, see Joost, 94 F.3d 640 at *1, but reversed the firearm conviction and remanded for a new trial due to the fact that no jury instruction had been given on entrapment. See Joost, 92 F.3d at 11-14

A new trial was held before Judge Ernest C. Torres of this Court on the firearm charge (CR 94-55), and a jury again returned a guilty verdict. Judge Torres then imposed a sentence of 198 months imprisonment, 126 months of which were to run concurrently with the Hobbs Act sentence and 72 months of which were to run consecutive to the Hobbs Act sentence. (See CR 94-55, Doc. #249.) The Court of Appeals affirmed this conviction and sentence. See United States v. Joost, 133 F.3d 125, 132 (1st Cir.1998). In effect, Joost's total imprisonment for the two offenses was 312 months -- 240 months on the Hobbs Act conviction followed by the 72-month consecutive portion of the firearm sentence.

In 1997, Joost filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 seeking to collaterally attack his Hobbs Act conviction. In that proceeding he did not specifically dispute that he received a 20-year sentence for that conviction. This Court denied the motion, and his appeal was dismissed by the Court of Appeals. United States v. Joost, Dkt. No. 99-1138 (December 28, 1999).[4]

In September 2005, Joost filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. See Joost v Apker, 476 F. Supp.2d 284 (S.D.N.Y. 2007). In that petition, Joost alleged that the J&C issued in CR 94-56

---

[4] In 2003, Joost filed a motion pursuant to § 2255 to vacate his sentence for his firearm conviction (CR 03-292-T). Judge Torres dismissed the motion as untimely. See Joost v. United States, 336 F.Supp.2d 185, 186 (D.R.I. 2004). The Court of Appeals granted a Certificate of Appealability but denied the appeal on the merits. See Joost v. United States, 226 Fed.Appx. 12 (1st Cir.), cert denied, 127 S.Ct. 2953 (2007). These proceedings are not germane to the instant motion and need not be further discussed.

-3-

on his Hobbs Act conviction, under which he was imprisoned, conflicted with the oral sentence pronounced at his sentencing hearing and was thus void and that the Bureau of Prisons ("BOP") had miscalculated his prison sentence based on the allegedly invalid J&C. Joost sought habeas relief directing the BOP to calculate his release date based on the sentence as orally pronounced by the sentencing court (this Court). Id. at 285.

The District Court (Koeltl, J.) determined that relief under § 2241 was unavailable because Joost's claim was properly construed as a challenge to his sentence and "hence § 2255 provides the only remedy." Id. at 290. The fact that Joost had previously filed a § 2255 motion and thus was unlikely to meet the requirements for filing a "second or successive" § 2255 motion did not render §2255 "inadequate or ineffective" for reviewing the legality of his sentence. Id. at 290-91. Although it was unnecessary to reach the merits of Joost claim, the District Court further noted that "[n]o reasonable interpretation of Judge Lisi's oral pronouncement of sentence would permit the argument that Judge Lisi imposed no term of imprisonment on the Hobbs Act conviction and was only imposing a term of supervised release for that conviction." Id. at 291, n. 2.

Thereafter, Joost filed the instant motion to correct his J&C in this matter (CR 94-56). In his motion he argues, as he did in Apker, that the J&C issued on his Hobbs Act offense is invalid because it conflicts with this Court's oral pronouncement of sentence on that offense at the September 1995 sentencing hearing, which pronouncement, he says, did not impose any prison term for his Hobbs Act conviction. Joost seeks to have that J&C "corrected" pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

## DISCUSSION

As a threshold matter, this Court notes that this the instant motion constitutes Joost's fourth attempt to secure postconviction relief from his Hobbs Act conviction. The claim he asserts here

was not raised by post-sentencing motion, on direct appeal, or through any of his prior collateral attacks.

Joost's motion fails on both procedural and substantive grounds. As the Government points out, there are several procedural hurdles that Joost's claim cannot overcome. First, as noted by Judge Koeltl in Apker, 475 F.Supp.2d at 290, the relief Joost seeks is only available via a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Because Joost has previously filed a § 2255 motion, however, any § 2255 motion currently filed would constitute a "second or successive" motion, which this Court is precluded from considering. See § 2255(h).[5] See also United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999)(district court must dismiss a "second or successive" § 2255 motion or transfer it to the Circuit). Thus, on this basis alone, Joost should be denied relief.

Second, by failing to raise this claim in his previous attempts to review his sentence, Joost has forfeited his right to raise it now. See United States v. Olano, 507 U.S. 725, 733 (1993) (waiver is the intentional relinquishment or abandonment of unknown right; forfeiture is the failure to make a timely assertion of a right); United States v. Mangone, 105 F.3d 29, 35 (1st Cir.1997) (same).

Third, even if this Court were to decline to treat the Defendant's motion as a second or successive § 2255 motion, the law is clear that Fed. R. Crim. P. 36 may not be used to provide the relief Joost seeks. Rule 36 reads as follows:

---

[5] Section 2255 states, in pertinent part:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
   (1) a newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255, as amended by Pub.L. 110-177, Title V, § 511, effective January 7, 2008 (re-styling the eight undesignated paragraphs of that statute as paragraphs (a) through (h), respectively.)

> Clerical Error - After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Here, contrary to Joost's assertions, there was no clerical error in the Hobbs Act sentence as set forth in the J&C at issue (CR 94-56). Joost's sentence accurately reflected what this Court intended in its oral pronouncement at the sentencing hearing. In short, relief under Rule 36 is not available because there is no clerical error to correct.[6]

Moreover, as the Government points out, the "correction" that Joost seeks actually constitutes a substantive change in his sentence. Even if such a substantive change were warranted – which it is not – it may not be obtained under Fed. R. Crim. P.36. See United States v. Fahm, 13 F.3d 447, 454, n. 8 (1st Cir.1994) (Rule 36 motion "is considered generally inapplicable to judicial errors and omission") (emphasis added); United States v. Bennett, 423 F.3d 271, 277-78 (3rd Cir. 2005) ("A court's authority under Rule 36 is limited to the correction of clerical errors in the judgment . . . Rule 36 provides no basis to correct substantive errors in the sentence . . .").

This Court has thoroughly reviewed the sentencing transcript and the J&C entered in the Hobbs Act case (CR 94-56) and finds Joost's assertion that he was not sentenced to any term of imprisonment on the Hobbs Act conviction to be spurious and completely devoid of merit. The record shows -- and the undersigned's independent recollection confirms -- that this Court's full intention was to impose a maximum sentence of 20 years for the Hobbs Act violation, and to have

---

[6] The case of United States v. Bussey, 543 F.Supp. 981 (E.D. Va. 1982), relied upon by Joost, is factually distinguishable and does not assist him. In Bussey, the court determined that where its oral pronouncement of two sentences did not specify that they would run consecutively, as later described in the Judgment, those sentences must be deemed to run concurrently and the judgment would be corrected accordingly. Here, as discussed above, the record clearly reflects the Court's intent that Joost be imprisoned for 20 years on the Hobbs Act conviction and that the Hobbs Act sentence would run concurrently with the firearm sentence.

that sentence run concurrently with the 30-year sentence imposed by this Court in the firearm case (CR 95-55). (Sent.Tr. at 147-50.) The respective terms of supervised release (five years for the firearm violation and three years for the Hobbs act violation) were likewise to run concurrently. (Id. at 147.) Joost does not claim otherwise.

Indeed, in response to the Government attorney's inquiry concerning whether the prison terms for both offenses would run concurrently, this Court clarified that

> because the statutory maximum penalties for [CR 94-]056 [the Hobbs Act offense] and [CR 94-]055 [the firearm offense] are different, *[with] 056 carrying a maximum statutory term of imprisonment of 20 years*, [and] 055 carrying a 15 years to life the statutory maximum, *and also reviewing the guideline [§]5G1.2 dealing with sentence on multiple counts of conviction,* the term of imprisonment in this case is imposed on 055 [the firearm conviction] *with the term in 056 [the Hobbs Act conviction] to run concurrently.*

(Id.) (Emphasis added.) In this clarification, this Court expressly referenced the maximum term of 20 years in the Hobbs Act case. The Court also referenced USSG § 5G1.2, which provides for sentencing on "multiple counts of conviction"[7] and which clearly contemplates the handling of separate terms of imprisonment for separate crimes. See §5G1.2(c) ("If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law").[8]

Finally, to conclude that this Court determined to impose no term of imprisonment for the Hobbs Act violation, a felony which was the subject of a separate prosecution and trial and which

---

[7] According to the Commentary thereto, § 5G1.2 applies to "multiple counts of conviction . . . contained in different indictments or informations for which [as here] sentences are to be imposed at the same time or in a consolidated proceeding." Commentary to §5G1.2, 2d para.

[8] The fact that Joost was subsequently re-tried and re-sentenced on the firearm offense (CR 94-55) by Judge Torres does not in any way negate the 20-year term of imprisonment imposed by this Court on the Hobbs Act offense.

carried a maximum penalty of 20 years, would be nothing short of ludicrous. As the Government points out, the frivolity of the instant motion is underscored by the fact that in his brief on direct appeal, Joost acknowledged that this Court had sentenced him to the statutory maximum sentence of 20 years on the Hobbs Act violation, while raising other sentencing claims in the same brief. (See Gov't Mem. at 4, n. 3.)

This Court has considered Joost's other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, Joost's Motion to Correct Judgment and Commitment Order is hereby DENIED and dismissed.[9]

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge

February 24, 2009

---

[9] Because, as discussed supra, this Court finds Joost's claim to be totally lacking in merit, it declines to transfer this motion to the First Circuit but rather dismisses it outright. See Barrett, 178 F.3d at 41 and n. 1 (district court may either dismiss or transfer 'second or successive" § 2255 petition).